931 F.2d 893
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Clarence JONES, Plaintiff-Appellee,
v.
John JABE, Chris Daniels, J. Graham, and Dennis Parker,
Defendants-Appellants.
 No. 90-1614.
 United States Court of Appeals, Sixth Circuit.
 April 12, 1991.
 
 On Appeal from the United States District Court for the Eastern District of Michigan, No. 89-72798; Anna Diggs Taylor, J.
 E.D.Mich.
 REVERSED IN PART AND DISMISSED IN PART.
 Before KEITH and DAVID A. NELSON, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Defendant-appellant John Jabe ("Jabe"), Warden of the State Prison of Southern Michigan ("S.P.S.M."), appeals from the district court's April 6, 1990, order granting summary judgment for the plaintiff, prisoner Clarence Jones ("Jones"), in this 42 U.S.C. Sec. 1983 civil rights action to remedy confinement in administrative segregation without due process of law. Other defendants charged in the complaint filed in district court were Chris Daniels ("Daniels") and J. Graham ("Graham"), Assistant Deputy Wardens, and Dennis Parker ("Parker"), Internal Investigator. (All of the defendants will be collectively referred to as the "defendants.") For the reasons stated below, we REVERSE the judgment against Jabe and DISMISS the appeals of all other defendants.
 
 I.
 
 2
 On April 20, 1989, prison staff issued a "Notice of Intent to Classify to Administrative Segregation" to Jones. The notice alleged that the prison staff had received confidential statements that Jones was involved in a plot with other inmates to take over Cell Block # 4 at S.P.S.M. The notice states:
 
 
 3
 Confidential information has been received in the Deputy's Office, that Prisoner Jones # 158058 was involved in an alleged plot to take over Cell Block # 4, westside. This matter is currently being investigated and a report will be submitted upon completion of this investigation. This report will be considered confidential, for the protection of the source of information.
 
 
 4
 Joint Appendix at 19. Jones was immediately placed in segregation until S.P.S.M. could conduct an administrative hearing.
 
 
 5
 On April 21, 1989, Jones met with Parker concerning his alleged involvement in the alleged plot. Parker told Jones the nature of his alleged involvement and Jones denied having any involvement with the alleged activities. Jones asserts that Parker then told him that if he did not cooperate with Parker, the investigation would go very slowly and he would remain in segregation for a long time.
 
 
 6
 Hearing Officer T. Craig held an administrative hearing on April 25, 1989. At the hearing, Jones denied all involvement. The hearing officer then made the following findings:
 
 PARTIALLY ESTABLISHED
 
 7
 Hearing officer does NOT find that Jones 158058 was involved or stated to have been involved in alleged plot to take over cell block 4 West. This finding is based on a examination by HO Craig of confidential statem[e]nt made a part of the record and also from an examination of an[o]ther confident[ia]l statement regarding this alleged plot which HO Craig makes a part of the record in this matter. Hearing Officer finds that based on testimony from Investigator Parker that the alleged plot to take over 4 west is being investigated and at this time is not concluded; report to be concluded at later time.
 
 
 8
 Id. at 20.
 
 
 9
 On April 27, 1989, Daniels and Graham ordered that Jones be classified to administrative segregation "due to an alleged plot to take over 4 Bk. Investigation is ongoing." Id. Even though there was a finding that Jones was not involved and a finding that the confidential statements did not indicate that he was involved in the plot, Graham and Daniels kept Jones in administrative segregation until September 28, 1989. On April 28, 1989, Jones submitted a grievance concerning his placement in administrative segregation. Daniels answered this grievance on May 31, 1989, stating that Jones was confined to administrative segregation based upon "the investigation surrounding the 4 Block incident.... The Security Classification Committee housed you in Admin. Segregation pending the outcome of that investigation." Id. at 22. On May 24, 1989, Jones wrote a letter to Deputy Warden Hofbauer informing him that he was being held in segregation and of the findings of the hearing officer. Jones requested Deputy Warden Hofbauer's assistance. Id. at 29. There was no response to this letter.
 
 
 10
 On May 31, 1989, Defendant Daniels, along with other prison officials, approved a transfer order sending Jones from administrative segregation at S.P.S.M. to segregation at Ionia Maximum Correctional Facility. Id. at 42. Jones was not transferred until July 3, 1989. Eventually he was transferred to Marquette Branch Prison where he was released from segregation on September 28, 1989, a week after a complaint was filed in this action.
 
 
 11
 Jones sued the defendants for confining him in administrative segregation without due process. A Magistrate's Report and Recommendation issued on January 31, 1990, recommended that the case be dismissed. Jones filed timely objections to this Report. The district court rejected the Magistrate's Report and Recommendation in a Memorandum Opinion and Order dated April 6, 1990. The district court entered judgment for Jones on the ground that he was confined in administrative segregation even after he was cleared of being involved in the alleged plot. Defendant Jabe filed a timely appeal on May 23, 1990.
 
 II.
 A.
 
 12
 The only defendant that has properly appealed is Jabe. The notice of appeal designates "John Jabe, et al[.], Defendants" as the defendants in the caption and the text simply refers to the "[d]efendants in the above captioned matter." Joint Appendix at 153. Under this Court's decision of Minority Employees of the Tenn. Dept of Employment Sec., Inc. v. State of Tennessee, 901 F.2d 1327 (6th Cir.1990) (en banc), this notice of appeal is adequate only as to defendant Jabe. Where a notice of appeal does not provide the reader with the identity of which particular parties are appealing, the notice will not constitute the required notice for those parties not specifically indicated. That the plural "defendants" is used is not sufficient to indicate that it is each and every defendant in the district court action who is appealing. Id. at 1332-33. A timely notice of appeal was therefore not submitted in this case by the defendants other than Jabe. This bar is jurisdictional and not waivable by the Court. Id. at 1336.
 
 B.
 
 13
 Jones concedes this appeal as to Jabe. Appellee's Brief at 17. As Jones has recognized, Jabe did not have sufficient personal involvement to establish liability under 42 U.S.C. Sec. 1983. Jabe was merely a supervisor. His only involvement with Jone's administrative segregation was that he received a copy of a letter from the Central Office. His receipt of a letter is insufficient personal involvement to constitute a violation of a state-created liberty interest. In Bellamy v. Bradley, 729 F.2d 416 (6th Cir.1984), we held that to establish supervisor liability there must be a showing that a supervisor encouraged the specific incident of misconduct or in some other way directly participated in it. Id. at 421. In light of the absence of personal involvement, the judgment against Jabe should be reversed.
 
 III.
 
 14
 For the foregoing reasons, we REVERSE the Memorandum Opinion and Order of April 6, 1990, only to the extent it granted summary judgment against defendant Jabe. We DISMISS the appeals of all other defendants for lack of appellate jurisdiction. The judgment against defendants Daniels, Graham and Parker therefore stands.